## CR 2A – Settlement Agreement

### King County Cause, No. 08-2-13969-7 SEA

### Tumelson Family Limited Partnership, et al. v. QL2 Software, Inc., et al.

It is agreed between the Tumelson Family Limited Partnership, Katie Taylor and Kelly Tumelson ("Plaintiffs") and QL2 Software, Inc. ("QL2") and Vincent and Karyn Borcich ("Borcich") as follows:

Whereas disputes have arisen between the parties as set forth in King County Cause No. 08-2-13969-7 SEA, whereas the parties are desirous of settling the disputes between Plaintiffs and QL2 and Borcich, now therefore, the parties covenant and agree as follows

1. Borcich shall pay plaintiffs a total of $125,000 as follows:

    a. $100,000 on or before September 10, 2009, and

    b. $25,000 on or before October 10, 2009.

2. QL2 shall pay plaintiffs $730,000 as follows:

    a. $60,000 on or before September 10, 2009,

    b. $100,000 on or before October 10, 2009,

    c. $50,000 on or before November 10, 2009, and

    d. $40,000 on the 10th of each month thereafter, including interest on the declining balance at the rate of 8% per annum until the balance is fully paid. Notwithstanding the foregoing, the payments otherwise due on February 10, May 10, and August 10, 2010 shall be in the amount of $80,000.

3. Upon the occurrence of a liquidation event, QL2 shall promptly pay to Plaintiffs in complete satisfaction of their claims 120% of any amount still owed at that time. A liquidation event is defined as a sale of 50% or more of QL2's stock or assets within any 12 month period or raising additional equity of $5 million or more in any 12 month period.

4. QL2 agrees that Plaintiffs shall have a first position security interest in its accounts receivable to ensure payment of the amounts set forth in Paragraph 2.

5. QL2 shall execute a confession of judgment which shall be held in escrow by Jerry R. McNaul. The judgment shall not be filed unless QL2 fails to cure a material default within 10 business days' notice thereof. McNaul shall decide

Ex A, 1

by binding arbitration whether there is a material default and/or whether it has been cured. In the event of material default that remains uncured, QL2 agrees that the amount owed to Plaintiffs shall be accelerated and immediately due and payable and Plaintiffs shall be free to file the confession of judgment. QL2 furthermore agrees to pay Plaintiffs interest at the rate of 12% per annum.

6. Plaintiffs shall file a dismissal of their claims against Borcich and QL2 within 5 business days of receipt of the first payments due by each under Paragraphs 1 and 2.

7. Plaintiffs hereby agree to release QL2, including its current officers and employees, and to release Borcich from any and all claims and causes of action known and unknown. QL2 and Borcich preserve any and all claims that each might have against the other. Nothing in this Agreement, other than as provided in Paragraph 8, shall affect any party's claims against Kelvin Chin.

8. Plaintiffs agree to assign to QL2 all of their judgment obtained in the lawsuit captioned Tumelson Family Limited Partnership, et al. v. World Financial News Network, et al, US District Court for the Western District of Washington at Seattle, Case No. 03-1340JLR, and all other claims, if any, against Kelvin Chin.

9. It is the parties' intent that this Agreement, if accepted within 48 hours by QL2's Board of Directors shall be binding and enforceable. Scott Milburn and Russell Aldrich shall recommend approval of this settlement to the Board. In the event there is any disagreement in the language of the final documentation, the parties designate McNaul sitting as the arbitrator with his award to be final, binding and nonappealable to the fullest extent permitted under Washington law.

10. In the event there is any future claim concerning breach or enforcement of this Agreement, the matter shall be arbitrated by McNaul, if available and willing to serve, or McNaul's designee if he is unavailable or unwilling to serve. And the substantially prevailing party shall be entitled to recover its' reasonable attorneys' fees and costs.

11. The parties recognize that time is of the essence in the resolution of this dispute and agree to an expedited briefing and hearing schedule on any dispute.

//

//

//

12. This Agreement shall not constitute an admission of liability or wrongdoing by any party hereto.

Dated this 10th day of August, 2009.

TUMELSON FAMILY LIMITED
PARTNERSHIP - Plaintiff

By: GENERAL PARTNER
Its:

Katie Taylor - Plaintiff

Kelly Tumelson - Plaintiff

QL2 SOFTWARE, INC. - Defendant

By: Scott Milburn
Its: General Counsel and
Chief Operating Officer

Vincent Borcich - Defendant

A, 3.