UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>QL2 SOFTWARE, INC.,<br><br>    Debtor. | Case No. 10-10209-KAO<br><br>APPLICATION FOR *EX PARTE* ORDER AUTHORIZING RULE 2004 EXAMINATION OF QL2 SOFTWARE, INC. AND RUSS ALDRICH, ITS CEO |

Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 2004, creditors Tumelson Family Limited Partnership, Katie Taylor, and Kelly Tumelson (collectively, the "Tumelsons"), by and through their attorneys of record, John R. Knapp, Jr., and Miller Nash LLP, apply to this Court for the entry of an *ex parte* order authorizing the examination of debtor QL2 Software, Inc. ("QL2" or the "Debtor") and its CEO Russ Aldrich relating to their dealings with scheduled creditor and proposed special counsel Graham & Dunn PC. Adversary proceeding no. 10-01028 (the "Adversary Proceeding"), in which discovery was previously sought, has been stayed, and the Court has instructed that discovery be conducted through the use of Rule 2004. Accordingly, the Tumelsons file this application and request an order as set forth above. In support of the entry of such order, the Tumelsons, through their counsel, represent as follows:

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 1 of 10

**Background**

1. On January 11, 2010, the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On January 22, 2010, the Debtor filed its Schedules [Dkt. #46], listing Graham & Dunn on Schedule D with a claim in the amount of $578,476.25, secured by accounts receivable of unknown value, for legal services.

3. On March 8, 2010, the Debtor filed its Amended Schedules [Dkt. #127], listing Graham & Dunn on Schedule D with a claim in the amount of $588,739.36, secured by unidentified collateral of unknown value, for legal services. This claim is more than one-third of the total amount of all claims scheduled by the Debtor ($1,551,856.71).

4. Graham & Dunn has not yet filed a proof of claim, but is not required to do so where the Debtor has scheduled it as noncontingent, liquidated, and undisputed.

5. The Debtor has repeatedly stated in pleadings, in its responses to the Tumelsons' First Discovery Requests in the Adversary Proceeding, and on the record that it does not intend to challenge the claim of Graham & Dunn.

6. A hearing on final approval of Graham & Dunn as special counsel for corporate matters is set for April 30, 2010. The secured claim scheduled for Graham & Dunn raises the issue of whether Graham & Dunn holds an adverse interest to the estate.

7. Despite the proposed limited scope of Graham & Dunn's engagement, the Debtor and Graham & Dunn have represented to the Court that Graham & Dunn is taking a leading role in the negotiation of a sale of the Debtor's assets and a DIP financing facility in connection therewith. Graham & Dunn has had extraordinary access to information regarding the sale that the Debtor has refused to share with the Tumelsons. The Tumelsons need this information in order to fully analyze the case and any proposed sale or financing transactions.

8. Graham & Dunn was the Debtor's defense counsel in substantial prepetition litigation brought by the Tumelsons for the Debtor's fraud and in other matters.

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3
Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 2 of 10

9. The allowance or disallowance of the claim of Graham & Dunn and authorization of Graham & Dunn to serve as special counsel will be of great relevance to the Debtor's financial condition, the administration of its estate, the case, and formulation of a plan. Given the substantial debt that Debtor has incurred and the blanket security interest granted to Graham & Dunn in the year before the Petition Date, and the nature of the Debtor's relationship with Graham & Dunn partner Patrick J. Franke, not just the Tumelsons but all creditors have substantial interest in understanding and confirming the nature of that relationship and the basis for the debt allegedly owed by the Debtor to Graham & Dunn.

10. Russ Aldrich's declaration of February 26, 2010 [Dkt. #108] indicates that he is the representative of the Debtor with the most extensive knowledge of the Debtor's relationship with Graham & Dunn and its attorney Mr. Franke.

11. The Debtor's documents relating to its relationship with Graham & Dunn are likely to shed light on the nature and basis of the debt allegedly owed by the Debtor to Graham & Dunn. Further, Mr. Aldrich's knowledge of that relationship and the nature of Mr. Franke's involvement in the Debtor's management will be informative as well.

12. In refusing to provide any such information in response to discovery requests in the Adversary Proceeding, the Debtor asserted the attorney-client and attorney work product privileges. However, billing records and internal communications about Graham & Dunn should not be viewed as privileged, as billing records are necessary to establish that a debt owed to an attorney is reasonable, and internal communications are simply not privileged. Additionally, Debtor should not be allowed to assert the attorney client privilege at this point, given the statements made in paragraph six of Mr. Aldrich's February 26, 2010 declaration [Dkt. #108], wherein he describes his communications with Graham & Dunn, including the advice received by QL2 relating to the Tumelsons' case. Under these circumstances, the attorney client privilege is waived. *See e.g. U.S. v. Ruehle,* 583 F.3d 600, 612 (9th Cir. 2009) ("the settled rule [is] that any voluntary disclosure of information to a third party waives the attorney-client

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 3 of 10

privilege, regardless of whether such disclosure later turns out to be harmful"). Further, given the admittedly bad advice given to Debtor by Graham & Dunn as set forth in paragraph six of Mr. Aldrich's above-referenced declaration, the fact that Debtor is taking no steps to seek relief from Graham & Dunn's alleged debt through an ineffective assistance of counsel claim, or otherwise, is telling. This is especially worrisome in the face of the Tumelsons' judgment against QL2 to which Debtor did not have and still does not have any defense.

### Relief Requested

The Tumelsons request that the Court order that the Tumelsons be authorized to issue subpoenas to take the examinations of the Debtor and Mr. Aldrich, its CEO, pursuant to Rule 2004(a), on at least ten (10) calendar days' notice, including through the production of documents and appearance of Mr. Aldrich at a deposition. "The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the estate . . . . In . . . a reorganization case under chapter 11 of the Code, the examination may also relate to . . . any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b). "The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates . . . ." Fed. R. Bankr. P. 2004(d).

The documents that the Tumelsons request to be produced by Debtor and Mr. Aldrich include all records and information in the possession, custody, or control of Debtor relating in any way to its dealings with Graham & Dunn and any of its attorneys, from January 11, 2008, to the present, including but not limited to documents evidencing:

(A) Invoices received from Graham & Dunn;

(B) Internal communications of QL2 members and or employees concerning Graham & Dunn's billing, the amount of its invoices, the services provided, and payments;

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 4 of 10

1  (C) External communications of QL2 officers, directors, shareholders, or employees with any third party, including Graham & Dunn, concerning Graham & Dunn's billing, the amount of its invoices, the services provided, and payments;

  (D) The role that Graham & Dunn or any of its attorneys performed in the hiring by QL2 of Russ Aldrich;

  (E) The role that Graham & Dunn or any of its attorneys perform or performed in the management of QL2;

  (F) Fee agreements between Graham & Dunn and QL2;

  (G) Payments by QL2 to Graham & Dunn;

  (H) A disclosure of all connections between Mr. Aldrich, Graham & Dunn, and Mr. Franke;

  (I) All documents evidencing debt of QL2 to Graham & Dunn, including without limitation any promissory notes, and any security interest granted by QL2 to Graham & Dunn; and

  (J) All communications between QL2 and Graham & Dunn.

No notice of this application is required, and an order may be entered by the Court on an ex parte basis.

*[The rest of this page intentionally left blank.]*

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 5

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3

Case 10-10209-KAO Doc 143 Filed 04/02/10 Entered 04/02/10 11:40:04 Page 5 of 10

| | |
|---|---|
| 1 | WHEREFORE, the Tumelsons respectfully request that the Court grant this |
| 2 | application and such other relief as is just and proper under the circumstances. A proposed form |
| 3 | of order is attached as Exhibit A hereto. |
| 4 | DATED this 2nd day of April, 2010. |
| 5 | MILLER NASH LLP |
| 6 | |
| 7 | */s/ John R. Knapp, Jr.* <br> John R. Knapp, Jr., WSB No. 6124 <br> Adam G. Hughes, WSB No. 34438 |
| 8 | |
| 9 | Attorneys for Tumelson Family Limited Partnership, Katie Taylor, and Kelly Tumelson |

APPLICATION FOR EX PARTE ORDER AUTHORIZING RULE
2004 EXAMINATION OF QL2 SOFTWARE, INC. … - 6

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352

SEADOCS:418046.3

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 6 of 10

QL2 Software, Inc.
Case No. 10-10209-KAO

# Exhibit A
## Proposed Order

The Honorable Karen A. Overstreet
Chapter 11
Ex Parte

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

QL2 SOFTWARE, INC.,

   Debtor.

Case No. 10-10209-KAO

**[PROPOSED]** EX PARTE ORDER AUTHORIZING RULE 2004 EXAMINATION OF QL2 SOFTWARE, INC. AND RUSS ALDRICH, ITS CEO

This matter having come before the Court on the Application for Ex Parte Order Authorizing Rule 2004 Examination of QL2 Software, Inc. and Russ Aldrich, Its CEO (the "Application") filed by Tumelson Family Limited Partnership, Katie Taylor, and Kelly Tumelson (collectively, the "Tumelsons"); the Court having reviewed the Application and the files and records herein; the Court finding that under the circumstances ex parte entry of an order is appropriate, and further finding that good cause exists to grant the Application; now, therefore,

IT IS HEREBY ORDERED, as follows:

1. The Application is granted.

2. The Tumelsons may take the Rule 2004 Examination of QL2 Software, Inc. and Russ Aldrich, its CEO, either together or separately, and compel the production of testimony, documents and things, pursuant to subpoena(s) setting forth the time and place for said testimony, production and/or examination, with not less than 10 calendar days' notice to QL2 Software, Inc. and/or Russ Aldrich.

EX PARTE ORDER AUTHORIZING RULE 2004 EXAMINATION OF
QL2 SOFTWARE, INC. AND RUSS ALDRICH, ITS CEO - 1

SEADOCS:418184.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 8 of 10

**3. The documents to be produced pursuant to subpoena are:**

All records and information in the possession, custody, or control of QL2 relating in any way to its dealings with Graham & Dunn and any of its attorneys, from January 11, 2008, to the present, including but not limited to documents evidencing:

(A) Invoices received from Graham & Dunn;

(B) Internal communications of QL2 members and or employees concerning Graham & Dunn's billing, the amount of its invoices, the services provided, and payments;

(C) External communications of QL2 officers, directors, shareholders, or employees with any third party, including Graham & Dunn, concerning Graham & Dunn's billing, the amount of its invoices, the services provided, and payments;

(D) The role that Graham & Dunn or any of its attorneys performed in the hiring by QL2 of Russ Aldrich;

(E) The role that Graham & Dunn or any of its attorneys perform or performed in the management of QL2;

(F) Fee agreements between Graham & Dunn and QL2;

(G) Payments by QL2 to Graham & Dunn;

(H) A disclosure of all connections between Mr. Aldrich, Graham & Dunn, and Mr. Franke;

*[The rest of this page intentionally left blank.]*

EX PARTE ORDER AUTHORIZING RULE 2004 EXAMINATION OF
QL2 SOFTWARE, INC. AND RUSS ALDRICH, ITS CEO - 2

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:418184.1

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 9 of 10

| | |
|---|---|
| 1 | (I) All documents evidencing debt of QL2 to Graham & Dunn, including |
| 2 | without limitation any promissory notes, and any security interest granted by QL2 to Graham & |
| 3 | Dunn; and |
| 4 | (J) All communications between QL2 and Graham & Dunn. |
| 5 | DATED this _____ day of April, 2010. |

_____
The Honorable Karen A. Overstreet
United States Bankruptcy Judge

Presented by:

MILLER NASH LLP

_____
John R. Knapp, Jr., WSB No. 29343
Adam G. Hughes, WSB No. 34438

Attorney for Creditors
Tumelson Family Limited Partnership,
Kelly Tumelson and Katie Taylor

EX PARTE ORDER AUTHORIZING RULE 2004 EXAMINATION OF
QL2 SOFTWARE, INC. AND RUSS ALDRICH, ITS CEO - 3

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:418184.1

Case 10-10209-KAO    Doc 143    Filed 04/02/10    Entered 04/02/10 11:40:04    Page 10 of 10