Honorable Karen A. Overstreet
Chapter 11
Hearing Date: April 9, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, Courtroom 7206
Response Date: At the hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>QL2 SOFTWARE, INC.,<br><br>Debtor. | Case No. 10-10209<br><br>OBJECTION TO DEBTOR'S MOTION FOR RECONSIDERATION AND FOR PROTECTIVE ORDER AND TO QUASH THE SUBPOENA OF RUSS ALDRICH AND QL2 |

Tumelson Family Limited Partnership, Katie Taylor, and Kelly Tumelson (collectively, the "Tumelsons"), by and through the undersigned attorneys, hereby object to the Debtor's Motion for Reconsideration and for Protective Order and to Quash the Subpoena of Russ Aldrich and QL2 (the "Reconsideration Motion"). There are no legal or factual grounds justifying reconsideration of the Ex Parte Order Authorizing Rule 2004 Examination of QL2 Software, Inc. and Russ Aldrich, Its CEO (the "Rule 2004 Order") or to quash the Subpoena for Rule 2004 Examination (the "Subpoena") issued to the Debtor and its CEO, and accordingly, the Reconsideration Motion should be denied. This objection is based on the files and records herein. The Tumelsons respectfully state as follows:

**I. The Court should uphold the Rule 2004 Order.**

The Court should not grant reconsideration of the Rule 2004 Order or enter a protective order. The Court carefully reviewed the Rule 2004 Order and exercised appropriate

OBJECTION TO DEBTOR'S MOTION FOR
RECONSIDERATION - 1

SEADOCS:418625.1

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Case 10-10209-KAO    Doc 162    Filed 04/09/10    Entered 04/09/10 02:02:05    Page 1 of 4

discretion in determining its scope.  The Debtor has not demonstrated a manifest error in the prior ruling or shown any new facts or legal authority to overcome the presumption that reconsideration is disfavored.  The attorney-client privilege was waived or simply does not operate to protect the information relating to Graham & Dunn in the Debtor's possession (or protect the information in Graham & Dunn's possession regarding the Debtor).

The only new "fact" alleged in the Reconsideration Motion is in an email from Russ Aldrich dated April 5, 2010, attached as Exhibit 1 to the Declaration of Diana Carey [Dkt. # 154 & 156], purporting to clarify what he meant about advice from counsel in his earlier Declaration [Dkt. # 108].  At its root, Mr. Aldrich's email is hearsay and inadmissible as evidence.  See FRE 801 & 802.

Even if somehow admissible, Mr. Aldrich's email is meaningless and lacks credibility.  He wrote: "I have thought about this statement and I think it was Scott relaying information from Visual I/O attorneys and his assessment of the initial validity of the Tumelson's."  (Carey Decl. Ex. 1.)  Mr. Aldrich should know, not think, exactly what his statement means because he put it in his earlier Declaration, which was used to persuade the Court, among other things, not to dismiss this case a month ago.  His cloudy recollection of events is also inconsistent with the Debtor's previous admission that "Graham & Dunn was the firm that was involved in the prior state court litigation with the Tumelsons."  (See Debtor's Reply to the Tumelsons' Objection to Application for a Final Order Authorizing Debtor to Employ Professionals at 4-5 [Dkt. #117].)  The Debtor cannot backtrack now; it cited advice from counsel in the Declaration to gain an advantage in this Court.  Ultimately, Mr. Aldrich's email only accentuates the need to have full access to the documentation in the Debtor's and Graham & Dunn's possession, as well as their testimony.

The Debtor also fails to recognize that the attorney-client privilege is not absolute. For one thing, it does not give the Debtor the ability to withhold information; it only imposes limitations on disclosure by a lawyer.  See RPC 1.6(a).  Either way, the Debtor does not have the

OBJECTION TO DEBTOR'S MOTION FOR
RECONSIDERATION - 2

SEADOCS:418625.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

Case 10-10209-KAO    Doc 162    Filed 04/09/10    Entered 04/09/10 02:02:05    Page 2 of 4

right to block the release of information covered by the Rule 2004 Order and the Subpoena. Rather, disclosure of information relating to a representation is expressly permitted "to establish a claim . . . on behalf of the lawyer in a controversy between the lawyer and the client . . . or to respond to allegations in any proceeding concerning the lawyer's representation of the client." RPC 1.6(b)(5). By choosing to file for bankruptcy, the Debtor has put Graham & Dunn's claim in controversy; Section 502(b)(4) of the Bankruptcy Court requires a showing of reasonableness. Moreover, this bankruptcy case is a proceeding in which there are allegations concerning Graham & Dunn's representation of the Debtor. If Graham & Dunn wishes to be entitled to a distribution or respond to the allegations, it does not need the Debtor's consent to disclosure. Instead, the information may be revealed in order to demonstrate what it is owed and whether there is an adverse interest. These issues cannot be judged only on whatever bits of information the Debtor picks and chooses to support the argument that pleases it at any given time.

The attorney-client privilege is also subject to regulation by this Court. Graham & Dunn's information regarding its representation of the Debtor may be revealed "to comply with a court order." RPC 1.6(b)(6). The Rule 2004 Order, requiring production of information from or regarding its relationship with Graham & Dunn, is such an order.

The issue of Graham & Dunn's attorney work product is not significant. There is no need to keep secret Graham & Dunn's analysis, assessment, and involvement in the protracted and futile defense it mounted against the litigation brought by the Tumelsons for redress of the Debtor's admitted fraud. That litigation was resolved by a judgment and settlement agreement. Its merits are no longer subject to being contested by the Debtor, and there is no detriment to the Debtor by the release of the information.

**II. The Subpoena as to Russ Aldrich and/or the Debtor's CEO should not be quashed.**

To the extent that the Debtor seeks to quash the Subpoena as to Russ Aldrich and/or its CEO, such request should be denied. The timing of the alleged departure of the Debtor's CEO, Mr. Aldrich, from the Debtor is curious. On April 5, 2010, the Court entered the

OBJECTION TO DEBTOR'S MOTION FOR
RECONSIDERATION - 3

SEADOCS:418625.1

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Case 10-10209-KAO    Doc 162    Filed 04/09/10    Entered 04/09/10 02:02:05    Page 3 of 4

| | |
|---|---|
| 1 | Rule 2004 Order [Dkt. #148]. The Rule 2004 Order authorized the Tumelsons to issue a |
| 2 | subpoena to compel the production of documents of the Debtor and appearance of its CEO, Russ |
| 3 | Aldrich. On April 6, 2010, the Tumelsons issued the Subpoena to QL2 Software and its CEO, |
| 4 | and served it on the Debtor's counsel of record, Diana K. Carey of Karr Tuttle Campbell. Later |
| 5 | that day, Ms. Carey advised the undersigned counsel that Mr. Aldrich was no longer the CEO of |
| 6 | the Debtor. The Debtor's and Mr. Aldrich's actions seem to be designed to frustrate the |
| 7 | Tumelsons' efforts to obtain essential information relevant to this case. |
| 8 | WHEREFORE, the Tumelsons respectfully request that the Court (1) deny the |
| 9 | Reconsideration Motion and (2) grant such other relief as is just and proper under the |
| 10 | circumstances of this case. |
| 12 | DATED this 9th day of April, 2010 |
| 13 | MILLER NASH LLP |
| 15 | /s/ John R. Knapp, Jr. |
| | John R. Knapp, Jr. |
| 16 | WSB No. 29343 |
| | john.knapp@millernash.com |
| 17 | (206) 622-8484 |
| 18 | Attorneys for Creditors |
| | Tumelson Family Limited Partnership, Katie |
| 19 | Taylor, and Kelly Tumelson |

OBJECTION TO DEBTOR'S MOTION FOR RECONSIDERATION - 4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:418625.1

Case 10-10209-KAO    Doc 162    Filed 04/09/10    Entered 04/09/10 02:02:05    Page 4 of 4