1   Stephanie R. Alexander                   THE HONORABLE KAREN A. OVERSTREET
    MICHAEL & ALEXANDER PLLC                                        CHAPTER 11
2   701 Pike Street, Suite 1150
    Seattle, WA 98101
3   Phone: (206) 442-9696

4

5

6

7

8                   IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9   In re                              )
                                       )   No. 10-10209
10  QL2 SOFTWARE, INC.,                )
                                       )   Adv. Proc. No.
11          Debtor.                    )
                                       )   NOTICE OF REMOVAL
12  _____)
                                       )
13  RUSSELL B. ALDRICH,                )
                                       )
14          Plaintiff,                 )
                                       )
15          v.                         )
                                       )
16  ROBERT GENISE, WILLIAM             )
    TENNESON, and BRIAN VINCENT, in    )
17  their representative and individual)
    capacities,                        )
18                                     )
            Defendants.                )
19  _____)

    **TO:** The Clerk of Court, United States District Court, Western District of Washington
20
    **AND TO:**  Sheryl J. Willert, and Williams Kastner & Gibbs, PLLC, counsel of record for
21
    plaintiff Russell B. Aldrich in the Superior Court of Washington for King County, No. 10-2-
22
    14542-7 SEA, *Russell B. Aldrich v. William Tenneson, et al.* ("Civil Action").
23

24  NOTICE OF REMOVAL - 1              **MICHAEL & ALEXANDER PLLC**
    No. 10-10209                            701 Pike Street, Suite 1150
25                                                Seattle, WA 98101
                                                    (206) 442-9696

**AND TO:** Diana K. Carey, bankruptcy counsel for QL2 Software, Inc.

You are hereby notified of the removal of all claims and causes of action asserted by Russell B. Aldrich against Robert Genise, William Tenneson, and Brian Vincent (collectively "Directors") at issue in the Superior Court of Washington for King County, No. 10-2-14542-7 SEA, *Russell B. Aldrich v. William Tenneson, et al.*, to the United States Bankruptcy Court for the Western District of Washington at Seattle (the "Bankruptcy Court") by the Directors, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## I. FACTS ENTITLING THE DIRECTORS TO REMOVE

A.      The Civil Action was initiated on or about April 20, 2010, by Russell B. Aldrich ("Aldrich") against the Directors, alleging failure to pay wages to which Aldrich was lawfully entitled pursuant to a contract.

B.      QL2 Software, Inc. ("QL2") filed for chapter 11 bankruptcy protection on January 11, 2010, in the United States Bankruptcy Court for the Western District of Washington at Seattle, No. 10-10209; QL2 was and remains a debtor-in-possession.   The Directors are all of the Board of Directors of QL2.  Mr. Aldrich commenced employment by QL2 in August 2008 and his employment was terminated in April 2010 (*i.e.*, post-petition).

C.      The resolution of the Civil Action will determine the extent to which the plaintiff is entitled to severance in the Debtor's bankruptcy estate.  Accordingly, the Civil Action is related to the above-captioned action presently pending in the Bankruptcy Court.

D.      The United States District Court for the Western District of Washington at Seattle has jurisdiction over the Civil Action under 28 U.S.C. § 1334 because it is related to the above-captioned action presently pending in the Bankruptcy Court.

E.      The Civil Action is a civil action other than a proceeding before the Tax Court or

NOTICE OF REMOVAL - 2
No. 10-10209

a civil action by a governmental unit to enforce the governmental unit's police or regulatory power. The Directors consent to entry of final orders of judgment by the bankruptcy judge.

F. Upon removal of the claims against the Directors in the Civil Action, the proceeding will be a core proceeding under 28 U.S.C. § 157(b)(2)(B) because it concerns the allowance or disallowance of claims from property of the Debtor' bankruptcy estate, plus it affects the administration of the estate, and, in particular, the interpretation of bankruptcy rights including the entitlement to severance pursuant to 11 U.S.C. § 503(c)(2) and obtaining of credit under 11 U.S.C. § 364(d)(1).

## II. PROCESS AND PLEADINGS

A copy of all process and pleadings filed in the Civil Action are attached to this Notice of Removal.

Dated this 10th day of May, 2010.

MICHAEL & ALEXANDER PLLC

By:

Stephanie R. Alexander, WSBA #28007
Thomas P. Holt, WSBA #39722
Attorneys for Defendants Robert Genise, et al.
701 Pike Street, Suite 1150
Seattle, WA 98101
Phone: (206) 442-9696
Fax:     (206) 442-9699
stephanie@michaelandalexander.com
tom@michaelandalexander.com

NOTICE OF REMOVAL - 3
No. 10-10209

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
(206) 442-9696

Case 10-10209-KAO    Doc 212    Filed 05/10/10    Entered 05/10/10 13:13:17    Page 3 of 23

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Counsel for the plaintiff, Russell B. Aldrich:

Sheryl J. Willert, WSBA #08617
Williams, Kastner & Kibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Fax: (206) 628-6611
Email: swillert@williamskastner.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants to this adversary case:

Bankruptcy Counsel for QL2, Inc.:

Diana K. Carey, WSBA # 16239
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
Phone: (206) 224-8066
Fax: (206) 682-7100
Email: dcarey@karrtuttle.com

DATED this 10th day of May, 2010.

*Sandra Stepper*
Sandra Stepper

NOTICE OF REMOVAL - 4
No. 10-10209

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
(206) 442-9696

Case 10-10209-KAO    Doc 212    Filed 05/10/10    Entered 05/10/10 13:13:17    Page 4 of 23

*RECEIVED @ 2:30 PM*
*PDL @ OLZ OFFICES*

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

| | |
|---|---|
| Russel B. Aldrich | NO. 10-2-14542-7 SEA |
| VS | |
| William Tenneson | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

### CAUSE OF ACTION

**(COM) -** CONTRACT/COMMERCIAL

### AREA DESIGNATION

**SEATTLE -** Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend; and all of Vashon and Maury Islands.

```
1
2
3
4
5
6
7                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    RUSSELL B. ALDRICH, an individual,           NO.

9              Plaintiff,                          SUMMONS (20 Days)

10        v.                                        CR 4 (b)

11   WILLIAM TENNESON, ROBERT GENISE               (SM)
     and BRIAN VINCENT, in their representative
12   and individual capacities,

13             Defendants.

14

15   TO THE DEFENDANTS WILLIAM TENNESON, ROBERT GENISE and BRIAN
     VINCENT, in their representative and individual capacities:
16
         A lawsuit has been started against you in the above entitled court by RUSSELL B.
17   ALDRICH, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is
     served upon you with this summons.
18
         In order to defend against this lawsuit, you must respond to the complaint by stating
19   your defense in writing, and by serving a copy upon the person signing this summons within
     20 days after the service of this summons, excluding the day of service, or a default judgment
20   may be entered against you without notice. A default judgment is one where plaintiff is
     entitled to what he asks for because you have not responded. If you serve a notice of
21   appearance on the undersigned person, you are entitled to notice before a default judgment may
     be entered.
22
         You may demand that the plaintiff file this lawsuit with the court. If you do so, the
23   demand must be in writing and must be served upon the person signing this summons. Within
     14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the
24   service on you of this summons and complaint will be void.

25       If you wish to seek the advice of an attorney in this matter, you should do so promptly
     so that your written response, if any, may be served on time.

     SUMMONS – 1                                        Williams, Kastner & Gibbs PLLC
                                                         601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
                                                         (206) 628-6600
     2802969.1
```

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 20th day of April, 2010.

s/Sheryl J. Willert, WSBA #08617
Attorney for Plaintiff Russell B. Aldrich
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: swillert@williamskastner.com

SUMMONS - 2

2802969.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| RUSSELL B. ALDRICH, an individual, | NO. |
| Plaintiff, | COMPLAINT BREACH OF CONTRACT AND WRONGFUL WITHHOLDING OF WAGES |
| v. | |
| WILLIAM TENNESON, ROBERT GENISE and BRIAN VINCENT, in their representative and individual capacities, | |
| Defendants. | |

## I. INTRODUCTION

1.      Plaintiff brings this action against Defendants for failure to pay wages to which he is lawfully entitled pursuant to a contract. He alleges as follows:

## II. PARTIES

2.      Plaintiff Russell B. Aldrich ("Plaintiff") is a resident of King County and was employed by Defendant, QL2, Inc., pursuant to a contract dated August, 2008.

3.      Brian Vincent ("Vincent") is the interim CEO of QL2 and has decision making authority over payments made pursuant to Plaintiff's contract. Vincent is directing the failure or delay of payments to Plaintiff. On information and belief, Brian Vincent is a resident of King County, Washington.

4.      On information and belief, William Tenneson ("Tenneson") is a member of the Board of Directors and directed and/or is directing the actions of those at QL2 who have responsibility for issuance of payment.

COMPLAINT BREACH OF CONTRACT AND WRONGFUL
WITHHOLDING OF WAGES – 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2801426.1

5.     On information and belief, Robert Genise ("Genise") is a member of the Board of Directors and directed and/or is directing and/or is acquiescing in the actions of Vincent, Tenneson and those who have responsibility for issuance of payments at QL2.

## III. JURISDICTION AND VENUE

6.     QL2, Inc. ("QL2") is a Washington Corporation with its primary place of business in Seattle, Washington.  QL2 employed Plaintiff pursuant to a written contractual agreement as its Vice President, Operations and General Counsel commencing on October 1, 2008 in Seattle, Washington.

7.     This Court has jurisdiction over the parties pursuant to R.C.W. 2.08.010 because QL2 conducts business in Washington.  Brian Vincent and William Tenneson, as individuals, transacted business on behalf of QL2 in King County, Washington.

8.     Venue is proper in this Court pursuant to R.C.W. 4.12.025 because both QL2 and Brian Vincent, Robert Genist and William Tenneson, as individuals, conducted business in King County, Washington.

## IV. FACTUAL BACKGROUND

9.     In August 2008, QL2 hired Russell B. Aldrich to act as its Chief Executive Officer.  Plaintiff commenced his employment on August 12, 2008.

10.     Plaintiff continued in the employ of QL2 continuously from August 12, 2008 through the termination of his employment on April 5, 2010.

11.     At the commencement of his employment, Plaintiff signed an employment contract which provided that in the event of termination he would receive severance as follows:

8.     **Benefits Upon Termination of Employment**

a.     <u>Payments upon Termination Pursuant to Section 7(b)</u>. If during the term of this Agreement, Executive's employment is terminated by Company pursuant to Section 7(b), Executive shall be entitled to receive the following:

(1)     <u>Severance Payment</u>. Company shall pay Executive his Base Compensation for a six (6) month period following the termination ("Severance Period") together with the bonus amount that would otherwise have been paid for such six (6) month period but for the termination, plus any amounts to which Executive is entitled under then-current Company Policies (together referred to as "Severance Payment"), as well as any reimbursable expenses not yet paid.  Such

COMPLAINT BREACH OF CONTRACT AND WRONGFUL
WITHHOLDING OF WAGES - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2901426.1

Base Compensation shall be determined with reference to the Base Compensation in effect for the month in which the date of the termination of Executive's employment.

(2) Stock Options. Of the stock options then held by Executive that have not yet vested as of the date of termination, the amount equal to those that would have otherwise vested, but for the termination, at the end of (1) the Severance Period, or (2) one year from Executive's Start Date, whichever is greater, shall become immediately vested and remain exercisable for three (3) months following Executive's termination of employment. Further, all vested but unexercised options shall remain exercisable for such three-month period.

(3) Method of Payment. The Severance Payment shall be made in monthly payments during the Severance Period, or shall be paid in a lump sum at the next pay period following the termination date, at the Company's option.

(4) Health, Welfare and Insurance Benefits. Company shall reimburse Executive for the cost of acquiring health insurance for the duration of the Severance Period, through COBRA, or, to the extent all or part of such benefits are not available through COBRA, through the independent purchase of comparable benefits.

12. In January, 2010, QL2 filed for bankruptcy in the United States Bankruptcy Court as a Debtor in Possession.

13. Plaintiff's employment with QL2 was terminated on April 14, 2010 Plaintiff was due to receive his final pay from the company in the amount of $11,503.09. Defendants failed to make such payments and advised that they were withholding such payments.

14. Defendants Vincent, Genise and Tenneson have control over the funds that are due and owing to Plaintiff and have continued to refuse to make such payments.

15. As of April 19, 2010, Defendants have failed to make all payments which are required.

## V. CLAIMS

16. Defendants have failed to make payments which were due and owing to Plaintiff pursuant to his employment contract.

17. Defendants' failure to make such payments constitutes a breach of contract.

18. Defendants' failure to make such payments constitutes a violation of R.C.W. 49.48. et seq. and R.C.W. 49.52. et seq.

COMPLAINT BREACH OF CONTRACT AND WRONGFUL WITHHOLDING OF WAGES - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2801426.1

19. Consistent with Washington law, Defendants' failure to make such payments is not excused by lack of funds or a desire to defer payments.

20. Consistent with Washington law, any individual who exercises control over the payment of funds and acts under that authority and fails to make payments is personally liable.

## VI. DAMAGES

21. As a result of Defendants' actions, Plaintiff seeks an order directing immediate payment of all funds due and owing.

22. As a result of Defendants' actions, Plaintiff seeks an order directing acceleration of all funds due and owing pursuant to the contract of employment dated August, 2008.

23. As a result of Defendants' actions, if the court does not accelerate payments, Plaintiff seeks an injunction prohibiting Defendants from failing to make timely payment of all funds dues and owing.

24. As a result of Defendants' actions, Plaintiff seeks double damages and attorneys fees as provided for in R.C.W. 49.48. *et seq.* and R.C.W. 49.52. *et seq.* and whatever other relief is available pursuant to R.C.W. Title 49.

25. As a result of Defendants' actions, Plaintiff seeks whatever other relief the Court deems just and equitable.

DATED this 20th day of April, 2010.

s/Sheryl J. Willert, WSBA #08617
Attorney for Plaintiff Russell B. Aldrich
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: swillert@williamskastner.com

COMPLAINT BREACH OF CONTRACT AND WRONGFUL
WITHHOLDING OF WAGES – 4

2891426.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Russel B. Aldrich | NO. 10-2-14542-7 SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs                                    Plaintiff(s) | |
| William Tenneson | ASSIGNED JUDGE  Hayden                    16 |
| | FILE DATE:                    04/20/2010 |
| Defendant(s) | TRIAL DATE:                    10/03/2011 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this *Order Setting Case Schedule (Schedule)* on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____

          Print Name                                          Sign Name

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [See *KCLCR 26*], and for meeting the discovery
cutoff date [See *KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
All parties to this action must keep the court informed of their addresses. When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to
mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must
pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.

Order Setting Civil Case Schedule (*ORSCS)    REV. 12/08    2

Case 10-10209-KAO   Doc 212   Filed 05/10/10   Entered 05/10/10 13:13:17   Page 13 of 23

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue 04/20/2010 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue 09/28/2010 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue 09/28/2010 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue 10/12/2010 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 05/02/2011 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 06/13/2011 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 06/27/2011 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 06/27/2011 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon 08/15/2011 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Tue 09/06/2011 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 09/12/2011 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | Mon 09/12/2011 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 09/19/2011 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 09/26/2011 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 09/26/2011 | * |
| Trial Date [See KCLCR 40]. | Mon 10/03/2011 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 04/20/2010

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report:
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a OR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

### C. Trial: 
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

## C. Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

PRESIDING JUDGE

# CONFIRMATION RECEIPT

| | |
|---|---|
| Case Number: | 10-2-14542-7 SEA |
| Case Title: | Russel B. Aldrich vs William Tenneson |
| Submitted By: | Sheryl Willert |
| Bar Number: | 08617 |
| User ID: | Willert1 |
| Submitted Date/Time: | 4/20/2010 12:23:59 PM |
| Received Date/Time: | 4/20/2010 12:23:59 PM |
| Payment Reference: | 3524841478 |
| Total Cost: | $232.49 |

## DOCUMENTS

| | |
|---|---|
| Document Type: | COMPLAINT |
| File Name: | WKG-#2802566-v1-Aldrich___Complaint_Breach_of_Contract_and_Wrongful_Withholding_of_Wages.PDF |
| Cost: | $0.00 |

| | |
|---|---|
| Document Type: | ORDER SETTING CASE SCHEDULE |
| File Name: | schedule.pdf |
| Cost: | $0.00 |

| | |
|---|---|
| Document Type: | CASE INFORMATION COVER SHEET |
| File Name: | cics.pdf |
| Cost: | $0.00 |

| | |
|---|---|
| Document Type: | SUMMONS |
| File Name: | WKG-#2803038-v1-Aldrich___Summons.PDF |
| Cost: | $0.00 |

| | |
|---|---|
| Printed On: | 4/20/2010 12:25:11 PM |

Page 1 of 2

Page 2 of 2

RECEIVED @ QL2
4/23/10   11:00 AM

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| RUSSELL B. ALDRICH, an individual, | NO. 10-2-14542-7 SEA |
| Plaintiff, | AMENDED COMPLAINT FOR BREACH OF CONTRACT AND WRONGFUL WITHHOLDING OF WAGES |
| v. | |
| WILLIAM TENNESON, ROBERT GENISE and BRIAN VINCENT, in their representative and individual capacities, | |
| Defendants. | |

## I. INTRODUCTION

1.     Plaintiff brings this action against Defendants for failure to pay wages to which he is lawfully entitled pursuant to a contract. He alleges as follows:

## II. PARTIES

2.     Plaintiff Russell B. Aldrich ("Plaintiff") is a resident of King County and was employed by Defendant, QL2, Inc., pursuant to a contract dated August, 2008.

3.     Brian Vincent ("Vincent") is the interim CEO of QL2 and has decision making authority over payments made pursuant to Plaintiff's contract. Vincent is directing the failure or delay of payments to Plaintiff. On information and belief, Brian Vincent is a resident of King County, Washington.

4.     On information and belief, William Tenneson ("Tenneson") is a member of the Board of Directors and directed and/or is directing the actions of those at QL2 who have responsibility for issuance of payment.

AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
WRONGFUL WITHHOLDING OF WAGES - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2804745.1

5. On information and belief, Robert Genise ("Genise") is a member of the Board of Directors and directed and/or is directing and/or is acquiescing in the actions of Vincent, Tenneson and those who have responsibility for issuance of payments at QL2.

## III. JURISDICTION AND VENUE

6. QL2, Inc. ("QL2") is a Washington Corporation with its primary place of business in Seattle, Washington. QL2 employed Plaintiff pursuant to a written contractual agreement as its Vice President, Operations and General Counsel commencing on October 1, 2008 in Seattle, Washington.

7. This Court has jurisdiction over the parties pursuant to R.C.W. 2.08.010 because QL2 conducts business in Washington. Brian Vincent and William Tenneson, as individuals, transacted business on behalf of QL2 in King County, Washington.

8. Venue is proper in this Court pursuant to R.C.W. 4.12.025 because both QL2 and Brian Vincent, Robert Genist and William Tenneson, as individuals, conducted business in King County, Washington.

## IV. FACTUAL BACKGROUND

9. In August 2008, QL2 hired Russell B. Aldrich to act as its Chief Executive Officer. Plaintiff commenced his employment on August 12, 2008.

10. Plaintiff continued in the employ of QL2 continuously from August 12, 2008 through the termination of his employment on April 5, 2010.

11. At the commencement of his employment, Plaintiff signed an employment contract which provided that in the event of termination he would receive severance as follows:

8. **Benefits Upon Termination of Employment**

a. <u>Payments upon Termination Pursuant to Section 7(b)</u>. If during the term of this Agreement, Executive's employment is terminated by Company pursuant to Section 7(b), Executive shall be entitled to receive the following:

(1) <u>Severance Payment</u>. Company shall pay Executive his Base Compensation for a six (6) month period following the termination ("Severance Period") together with the bonus amount that would otherwise have been paid for such six (6) month period but for the termination, plus any amounts to which Executive is entitled under then-current Company Policies (together referred to as "Severance Payment"), as well as any reimbursable expenses not yet paid. Such

AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
WRONGFUL WITHHOLDING OF WAGES – 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2604745.1

Base Compensation shall be determined with reference to the Base Compensation in effect for the month in which the date of the termination of Executive's employment.

(2)    Stock Options.  Of the stock options then held by Executive that have not yet vested as of the date of termination, the amount equal to those that would have otherwise vested, but for the termination, at the end of (I) the Severance Period, or (2) one year from Executive's Start Date, whichever is greater, shall become immediately vested and remain exercisable for three (3) months following Executive's termination of employment. Further, all vested but unexercised options shall remain exercisable for such three-month period.

(3)    Method of Payment.  The Severance Payment shall be made in monthly payments during the Severance Period, or shall be paid in a lump sum at the next pay period following the termination date, at the Company's option.

(4)    Health, Welfare and Insurance Benefits.  Company shall reimburse Executive for the cost of acquiring health insurance for the duration of the Severance Period, through COBRA, or, to the extent all or part of such benefits are not available through COBRA, through the independent purchase of comparable benefits.

12.    In January, 2010, QL2 filed for bankruptcy in the United States Bankruptcy Court as a Debtor in Possession.

13.    Plaintiff's employment with QL2 was terminated on April 5, 2010. Plaintiff was due to receive his final pay from the company in the amount of $11,503.09.  Defendants failed to make such payments and advised that they were withholding such payments.

14.    Defendants Vincent, Genise and Tenneson have control over the funds that are due and owing to Plaintiff and have continued to refuse to make such payments.

15.    As of April 19, 2010, Defendants have failed to make all payments which are required.

### V.  CLAIMS

16.    Defendants have failed to make payments which were due and owing to Plaintiff pursuant to his employment contract.

17.    Defendants' failure to make such payments constitutes a breach of contract.

18.    Defendants' failure to make such payments constitutes a violation of R.C.W. 49.48. *et seq.* and R.C.W. 49.52. *et seq.*

AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
WRONGFUL WITHHOLDING OF WAGES - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2804745.1

19. Consistent with Washington law, Defendants' failure to make such payments is not excused by lack of funds or a desire to defer payments.

20. Consistent with Washington law, any individual who exercises control over the payment of funds and acts under that authority and fails to make payments is personally liable.

## VI. DAMAGES

21. As a result of Defendants' actions, Plaintiff seeks an order directing immediate payment of all funds due and owing.

22. As a result of Defendants' actions, Plaintiff seeks an order directing acceleration of all funds due and owing pursuant to the contract of employment dated August, 2008.

23. As a result of Defendants' actions, if the court does not accelerate payments, Plaintiff seeks an injunction prohibiting Defendants from failing to make timely payment of all funds dues and owing.

24. As a result of Defendants' actions, Plaintiff seeks double damages and attorneys fees as provided for in R.C.W. 49.48 *et seq.* and R.C.W. 49.52. *et seq.* and whatever other relief is available pursuant to R.C.W. Title 49.

25. As a result of Defendants' actions, Plaintiff seeks whatever other relief the Court deems just and equitable.

DATED this 22nd of April, 2010.

s/Sheryl J. Willert, WSBA #08617
Attorney for Plaintiff Russell B. Aldrich
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: swillert@williamskastner.com

AMENDED COMPLAINT FOR BREACH OF CONTRACT AND
WRONGFUL WITHHOLDING OF WAGES - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2864745.1